IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JULIA P. HAYES,                                    :
                                                   :
                    Plaintiff,                     :
                                                   :
         VS.                                       :
                                                   :        1 : 13-CV-74 (WLS)
CAROLYN COLVIN,                                    :
Acting Commissioner of Social Security,            :
                                                   :
                    Defendant.                     :
_____            :

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on April 29, 2013, challenging the
Commissioner's final decision denying her application for disability benefits, finding her not disabled
within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. §
405(g) and 42 U.S.C. § 1383(c).    All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the
Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the
correct legal standards to the evidence.   *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983);
*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   The Commissioner's factual findings are
deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a
reasonable person would accept the evidence as adequate to support the conclusion at issue.   *Richardson
v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   In
reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence
or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates
against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

The Plaintiff protectively filed applications for disability benefits and Supplemental Security Income benefits in July 2009, alleging disability since July 27, 2007.   (T-194).   Her claims were denied initially and upon reconsideration.   (T – 65-76).    A hearing was held before an ALJ in November 2011. (T- 30-60).   Thereafter, in a hearing decision dated November 18, 2011, the ALJ determined that the Plaintiff was not disabled.   (T- 8-29).    The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.   (T-1-6).

### Statement of Facts and Evidence

The Plaintiff was 51 years of age at the time of the ALJ's decision.   (T –194 ).   Plaintiff alleges disability since July 27, 2007, due to a rotator cuff tear, numbness and limited use of her right arm.   (T – 194, 199).   Plaintiff graduated from high school and received a certified nursing assistant certificate through vocational training, and has past relevant work experience as a certified nursing assistant.   (T- 199, 204).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of right rotator cuff syndrome, osteoarthritis, and obesity.   (T –13).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity with certain restrictions.   (T – 19).   The ALJ relied on the Medical Vocational Guidelines (the "Grids") and the testimony of a Vocational Expert to determine that although the Plaintiff could not return to her past relevant work, the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not

disabled.   (T-21-22).

## DISCUSSION

*Credibility determination*

The Plaintiff asserts that the ALJ erred in evaluating her credibility.   If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.   *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.   20 C.F.R. § 404.1529(a).   Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c).   The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."   20 C.F.R. § 404.1529(c)(4).   If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled.   If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.   *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ determined that

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these

3

symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.   She testified that she had worked as a Certified Nursing Assistant for many years.   She had a Workers Compensation case that was still pending.   The last payment was October 2007, and some of her medical care was being paid for by them.   She has not worked since July 2007.   Her family has been helping her out.   She has a valid driver's license.   She indicated that she does not drive.   The last time she drove was at the end of 2007 or the beginning of 2008.   [Yet] [w]hen questioned about the Pain Questionnaire that she completed indicating she could drive with one hand and short distances in 2010, the claimant stated she could not recall her answer.   The claimant testified at one point the pain clinic stopped prescribing her medications; she thought it was in October. She did not go to the pain clinic for several months because she had an outstanding balance that she had not paid.   She did not recall how long she went without medication.   She acknowledged she took only over-the-counter pain relievers during that time period.   Since having reinstated her pharmacological regimen, her pain is now effectively controlled.   She has to sit down, however, because the medication makes her dizzy.   She can stand and walk 1-2 hours off and on.   She gets a tremor when she gets dizzy from the medication and she has to lie down and relax her body.   She can sit with no problem as long as her shoulder is secure.   She secures the shoulder by propping her arm on a pillow.   When questioned if there was any other physical condition that [] affected her ability to walk, lift, or carry, the claimant testified that she gives out of breath.   She admitted that she still smokes 3-4 cigarettes per day, however.   She was reminded that she had been advised to stop smoking because of her treatment.   She alleged she went to a mental health doctor last year but she had not been back and she was unsure why.   There is no medical evidence of record of mental health treatment.   Her only mental health examination was in fact the psychological consultative examination performed by Dr. Meck. There is not a significant mental impairment that restricts the claimant from basic work activity.

(T – 20-21).

The Plaintiff argues that the ALJ's findings regarding her credibility are not supported by substantial evidence in that he failed to give reasons for rejecting her limitations, or explain what evidence he believed was contrary to any limitation.   However, as evidenced by the ALJ's extensive credibility findings, Plaintiff's arguments in this regard are without merit.   The ALJ discussed the

4

various aspects of Plaintiff's testimony and the record of treatment, which revealed inconsistencies between her allegations and the objective medical findings, treatment which had proven largely effective in relieving Plaintiff's symptoms, and a lack of significant mental health treatment.   The ALJ provided specific reasons to discredit Plaintiff's subjective testimony, supported by the objective medical record and the Plaintiff's own testimony.   The Court finds that the ALJ's credibility findings are supported by substantial evidence.

***Examining physician***

The Plaintiff also asserts that the ALJ did not evaluate the opinion of examining physician Dr. Meck regarding Plaintiff's attention and concentration, mental control, and mental processing.   The ALJ noted Dr. Meck's psychological consultative examinations on October 21 and November 30, 2010, including Dr. Meck's specific findings and Plaintiff's test results.   (T- 18-19).   The ALJ specifically noted that "[the claimant's] ability to sustain attention, concentrate, and exert mental control was in the borderline range (WMI = 77)."   (T – 18.)   Ultimately, the ALJ found that "[a]fter considering Dr. Meck's evaluation and diagnostic impression, . . . the claimant's mood disorder is mild and, therefore, nonsevere."   (T – 19).

The ALJ herein clearly discussed and assessed consultant Dr. Meck's findings, and although he did not specify the weight assigned to Dr. Meck's opinion, the substance of his consideration makes it clear that he assigned substantial weight to the physician's general findings.   The ALJ noted that "[a]fter considering Dr. Meck's evaluation and diagnostic impression, I find the claimant's mood disorder is mild and, therefore, nonsevere."   (T – 19).   This implicit assignment of weight is sufficient.   *Kemp v. Astrue*, 308 Fed.Appx. 423, 426 (11th Cir. 2009) (ALJ may make implicit findings); *Henry v. Barnhart*, 156 Fed.Appx. 171 (11th Cir. 2005) (ALJ did not err in failing to

specifically assign weight to physician's opinion; ALJ did not dispute physician's opinion, and thereby gave great weight to the opinion).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 7th day of May, 2014.

s/   *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb