**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JULIA P. HAYES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:13-CV-74 (WLS) |
| : | |
| CAROLYN COLVIN, *Acting* : | |
| *Commissioner of Social Security*, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed May 7, 2014. (Doc. 13.) It is recommended that the Social Security Commissioner's final decision be affirmed. (*Id.* at 6.) Plaintiff timely filed an Objection challenging the Recommendation and requesting that the Court reverse and award benefits. (*See* Doc. 14.)

**DISCUSSION**

**I.    Standard of Review for Social Security Appeals**

"[T]he federal courts' 'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.' " *Powell v. Astrue*, 250 F. App'x 960, 962 (11th Cir. 2007) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)). This is a "highly deferential standard of review." *Id.* at 963. The Court is forbidden from reweighing the evidence or substituting its judgment for that of the ALJ. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.

1

2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) (The ALJ's decision "cannot merely be a broad rejection which is 'not enough to enable [the Court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' "). Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of each of Plaintiff's objections on which she bases her request for the Court's reversal of the Commissioner's decision and award of benefits.

II. **Plaintiff's Objections**

   a. **Objection 1: While the ALJ determines what testimony is credible, he must give specific reasons for his findings that are supported by substantial evidence. Here, the ALJ rejected unidentified testimony about Hayes' limitations, but failed to explain why or identify contrary evidence. Where the ALJ does not give adequate reasons for rejecting the claimant's testimony, his decision is unsupported by substantial evidence.**

Judge Langstaff found that "[t]he ALJ discussed various aspects of Plaintiff's testimony and the record of treatment, which revealed inconsistencies between her allegations and the objective medical findings, treatment which had proven largely effective in relieving Plaintiff's symptoms, and a lack of significant mental health treatment." (Doc. 13 at 5.) Plaintiff argues that the ALJ discredited her testimony without sufficient explanation or evidentiary support. (Doc. 14 at 1-2.)

In reviewing claims brought under the Social Security Act, the Court's role is limited. It is legally bound not to decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239

2

(11th Cir. 1983). When a claimant attempts to "establish disability through his or her own testimony of pain," a three-part "pain standard" applies. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "If a claimant testifies as to [her] subjective complaints of disabling pain . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). "Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Id.*

The Court finds that the ALJ properly applied the *Holt* "pain standard" and his determination is supported by substantial evidence. Specifically, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limited effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Doc. 7-2 at 21.) In other words, the ALJ found that Plaintiff failed to demonstrate the second prong of the *Holt* "pain standard."

Because the ALJ discredited Plaintiff's testimony, he was required to specifically state the reasons therefor. To that end, and as noted by Judge Langstaff, the ALJ found that Plaintiff's testimony was not credible because (1) when asked about the inconsistency in her testimony that she had not driven a vehicle since early 2008 and her assertion on her Pain Questionnaire that she could drive short distances in 2010, she stated that she could not recall her answer on the Pain Questionnaire; (2) notwithstanding her claim that she was in pain, she quit going to the pain clinic for several months because she had an outstanding unpaid balance and took over-the-

3

counter pain medication during that time; (3) when questioned about her claim that she loses her breath while walking, lifting, or carrying, she admitted that she continues to smoke 3-4 cigarettes per day although a doctor instructed her to quit; and (4) Plaintiff alleged that she went to a mental health doctor but her only visit with such a doctor was a psychological consultative examination and she could not recall why she had not returned. (*See* Docs. 7-2 at 20-21, 13 at 3-4.)

At the beginning of the paragraph in which the ALJ discusses the referenced contradictions, the ALJ stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity test." (Doc. 7-2 at 21.) In that context, it is clear that the ALJ discredited Plaintiff's testimony regarding pain based on the referenced contradictions. The Court finds that the ALJ properly and sufficiently articulated explicit and adequate reasons for not crediting Plaintiff's testimony regarding her pain. Accordingly, the Court finds that the ALJ's decision was supported by substantial evidence and Plaintiff's First Objection is **OVERRULED**.

> b. **Objection 2: The ALJ must evaluate all medical opinions. The ALJ did not evaluate the opinion of Dr. Meck that Hayes has limited attention and concentration, and mental control, and had extremely slow mental processing. Where an important medical opinion is neither rejected nor included in the RFC, the ALJ's decision is legally erroneous.**

Judge Langstaff found that "[t]he ALJ herein clearly discussed and assessed consultant Dr. Meck's findings, and although he did not specify the weight assigned to Dr. Meck's opinion, the substance of his consideration makes it clear that he assigned substantial weight to the physician's general findings." (Doc. 13 at 5.) Plaintiff argues that the cases that have found implicit assignment of weight are distinct from the facts of this case and, thus, the ALJ's failure to evaluate Dr. Meck's opinion was error. (Doc. 14 at 3.) Plaintiff specifically takes issue with Dr. Meck's finding that Plaintiff "would work slower than 99% of other workers, a special condition that can show disability,

and the ALJ neither acknowledged nor evaluated this finding, nor did he include it in his RFC finding." (*Id.*)

Dr. Donald S. Meck conducted a neuropsychological examination on Plaintiff. (Doc. 7-11 at 2.) Preliminarily, Dr. Meck noted that "secondary gain [wa]s prominent and other results of testing [may be] exaggerated or affected by motivational factors." (*Id.* at 9.) Dr. Meck recorded the following scores for Plaintiff: (1) "overall thinking and reasoning abilities exceed those of only approximately 1% of individuals her age"; (2) "verbal reasoning abilities . . . are in the borderline range and above those of only 2% of her peers"; (3) "nonverbal reasoning abilities . . . are in the borderline range and above those of only 4% of her peers"; (4) "ability to sustain attention, concentrate, and exert mental control is in the borderline range [and is] better than approximately 6% of her peers"; (5) "ability in processing simple or routine visual material without making errors is in the extremely low range when compared to her peers"; (6) depression score is significantly above average for pain client; (7) Anxiety T score suggests that Plaintiff is more anxious than the average pain client; and (8) Somatization T score suggests that Plaintiff has more physical problems, pain, and health-related concerns that the average pain client. (*See* Doc. 7-11.)

The ALJ summarized the above-referenced analysis from Dr. Meck and noted that, "[a]fter considering Dr. Meck's evaluation and diagnostic impression, I find the claimant's mood disorder is mild and, therefore, nonsevere." (Doc. 7-2 at 19-20.) Judge Langstaff found that "[t]he ALJ herein clearly discussed and assessed consultant Dr. Meck's findings, and although he did not specify the weight assigned to Dr. Meck's opinion, the substance of his consideration makes it clear that he assigned substantial weight to the physician's general findings." (Doc. 13 at 5.)

The Court agrees with Judge Langstaff. Dr. Meck's report generally stated that Plaintiff suffers from a mood disorder with above-average symptoms, but the scores as to those symptoms were exaggerated due to the influence of motivational factors on Plaintiff. Dr. Meck did not make any assertion that Plaintiff's mood disorder was severe. By stating that he found that Plaintiff's mood disorder is mild and nonsevere

5

after considering Dr. Meck's evaluation, the ALJ implicitly gave Dr. Meck's report substantial weight. Plaintiff's argument that such conclusion does not logically follow because Dr. Meck made a special finding that could show disability is unpersuasive. (*See* Doc. 14 at 3.) Plaintiff cites 20 C.F.R. §§ 404.1573(c)(5) & 416.973(c)(5) in support of her referenced argument. Those regulations, however, pertain to "situations in which [a claimant was] permitted to work at a lower standard of productivity or efficiency than other employees." *See id.* Dr. Meck's report did not state that Plaintiff was allowed to do so, but concluded that she "performed better than approximately 1% of her peers on the processing speed tasks" based on various test results. (Doc. 7-11 at 11.) Thus, Plaintiff was not in fact permitted to work at a lower standard of productivity or efficiency than other employees so it was not necessary for the ALJ to specifically consider such a finding. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (noting that an ALJ's failure to consider any particular piece of evidence constitutes reversible error only where unfairness or clear prejudice results). For those reasons, the Court finds that the ALJ's implicit assignment of weight to Dr. Meck's report was sufficient. Accordingly, the Court finds that Plaintiff's Second Objection to the Magistrate Judge's Recommendation is **OVERRULED**.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 14) are **OVERRULED** and United States Magistrate Judge Langstaff's May 7, 2014 Recommendation (Doc. 13) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  17th  day of June 2014.

>  /s/ W. Louis Sands
>  **W. LOUIS SANDS, JUDGE**
>  **UNITED STATES DISTRICT COURT**